IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 13 C 1193 |
| INDUSTRIAL MECHANICAL SERVICES, INC., an Illinois corporation, | ) ) ) ) | JUDGE JOAN B. GOTTSCHALL |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF THE CORRECTED CONSENT DECREE
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Corrected Consent Decree entered into between the parties and entered by this Court on August 7, 2013. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Sheet Metal Workers Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with Sheet Metal Workers Local 265, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work

performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On August 7, 2013, this Court granted Plaintiffs' agreed motion to file the Corrected Consent Decree, and the Corrected Consent Decree was entered, which incorporated the terms for settlement agreed to by the parties (a copy of the Order and Corrected Consent Decree is attached as Exhibit A).

3. Defendant agreed that it owed the total amount of $37,615.83 for contributions and liquidated damages, as described in Paragraph 2 of the Corrected Consent Decree.

4. Defendant agreed to pay $37,615.83, with 8% interest in the amount of $1,504.83, for a total of $39,120.46, as described in Paragraph 3 of the Corrected Consent Decree, by way of the following payment schedule:

> Defendant will pay $2,500 on the 15th of each month during the period of July 2013 through September 2014 and pay $1,620.46 on October 15, 2014.

5. Defendant also agreed to remain current with respect to the submission of monthly contribution reports and the payment of fringe benefit contributions that accrue for the period July 2013 through November 2014, along with the payments set forth in Paragraph 4 above.

6. In the event Defendant failed to make any payments described in the Corrected Consent Decree, Defendant will be considered in violation of the Corrected Consent Decree. In such an event, Defendant consented to the entry of judgment against it and in favor of Plaintiffs for all unpaid installments under the Corrected Consent Decree, all contributions and liquidated damages that may become due during the time frame of the payment schedule as described in Paragraph 4 of the Corrected Consent Decree, and all of the attorneys' fees and costs incurred to date.

7. Although under no obligation to do so, on June 11, 2014, Plaintiffs' counsel sent an e-mail to Defendant regarding its failure to abide by the terms of the Corrected Consent Decree (a copy of the June 11, 2014 e-mail from Plaintiffs' counsel to Defendant is attached hereto as Exhibit B).

8. Defendant has not submitted its payments due pursuant to the terms of the Corrected Consent Decree, said payments being due on March 15, 2014 forward, as described in Paragraph 3 of the Corrected Consent Decree.

9. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Corrected Consent Decree and entering judgment against the Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $19,120.46, being the total amount remaining due for contributions, liquidated damages, and interest due as set forth in the Corrected Consent Decree.

B. That judgment be entered in favor of Plaintiffs and against Defendant to include $435.00 in costs and $6,022.50 in attorneys' fees incurred by the Plaintiffs in the instant litigation.

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Catherine M. Chapman

Catherine M. Chapman
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6204026
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com
I:\265J\Industrial Mechanical\#23673\2013\motion-reopen (2).cmc.df.wpd

<u>**CERTIFICATE OF SERVICE**</u>

           The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>5:00 p.m.</u>, this <u>24th</u> day of <u>July 2014</u> she electronically filed the foregoing **Motion to Reopen** with the Clerk of Court using the ECF system which will send notification of such filing to the following:

        Mr. Todd A. Miller
        Ms. Kathleen M. Cahill
        Allocco, Miller & Cahill, P.C.
        3409 N. Paulina St.
        Chicago, IL 60657
        tam@alloccomiller.com
        kmc@alloccomiller.com

        /s/   Catherine M. Chapman

Catherine M. Chapman
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\265J\Industrial Mechanical\#23673\2013\motion-reopen (2).cmc.df.wpd